### A. P. BARBER *v.* BRITTON & HALL.

*Book Account.    Liability of the Principal for the acts of his agent.*

If an injury is to result to one man from the omissions or neglect of an agent of another, the principal must be held liable.

And where the defendants sent their agent to employ the plaintiff, who was a physician, to visit a boy, who had been injured while in their service, and told the agent to tell plaintiff that they would pay him for his first visit, and the agent neglected so to do, and employed the plaintiff generally to attend the boy, so long as he might need medical aid; and the plaintiff attended upon the boy, on the credit of the defendants, until the boy recovered—*Held* under these facts, that defendants were liable to the plaintiff for his services in attending upon the boy.

This court will not reverse a judgment of the county court, unless enough appears affirmatively to show that there was error.

BOOK ACCOUNT. The suit originally was brought before a justice of the peace, and came to the county court by appeal, and an auditor was appointed, who reported in substance :

That defendants were partners in the construction of a portion of the Vermont Central Railroad in Burlington, that they had in their employ, on their job, a boy, who had been to work for them for wages; and that on or about the second day of May, 1850, while in their service, the boy received a severe injury, by being crushed between two dirt cars, in the use of the defendants on their work.

That defendants were absent at the time of the accident, and the boy was taken to a house near by and a physician sent for, and the defendants becoming dissatisfied with his treatment of the boy, they, after having been to see the boy, conversed upon the

subject of the boy's injury, and came to the conclusion that something further ought be done for him. They then examined their books and found that they owed the boy some five or six dollars; that they then said to one Sweat, who was in their employ as foreman and had charge of the men on their work, that they wanted he should go and tell Dr. Barber, the plaintiff, to come and see the boy and see if the physician who had been attending upon the boy, was treating him properly. That said Sweat started, and as he was passing out of the door, Britton said to him, tell Dr. Barber to come up and see the boy, and that they (Britton and Hall,) would pay him for that visit, and Hall who was present concurred in and approved it.

That said Sweat then went to the plaintiff's office, and the plaintiff being out, he told the plaintiff's students in the office, that Britton and Hall told him to tell Dr. Barber to go and see the boy that had got hurt in their employ, and attend upon him carefully, and see him through it, and they, (Britton and Hall,) would pay the bill, that he was a likely boy, and they thought much of him; that said Sweat requested plaintiff's students to communicate this message to the plaintiff, which they did, about an hour after.

That the plaintiff upon the faith of this, and relying solely upon the credit of the defendants, immediately visited the boy, and from that time took charge of him, and was the only surgeon who attended him until he recovered; that all the plaintiff's account accrued upon the faith of this employment, the plaintiff supposing that defendants were liable to him, and that they expected to pay the whole account.

That the defendants were in the habit of visiting the boy from time to time, and knew that the plaintiff was attending upon and taking charge of him, during the whole period of time while the account was accruing.

The county court, September Term, 1852,—POLAND, J., presiding,— rendered judgment on the report for the plaintiff.

Exceptions by the defendants.

*W. W. Peck* for defendants.

I. Defendants are not liable for more than the visit embraced in the first charge.

The agent Sweat, exceeded his actual authority, and was not

clothed with an apparent authority greater than his actual. The third person who deals with the agent, is bound to inquire into the extent of his power. Hence, unless he has been represented by the principal to possess more than has been conferred, the third person is bound to learn his real power. Story on Agency § 126 note 2, § 127, 129, 131, 132, 133. *Fenn* v. *Harrison*, 3 Term R. 757. S. C. 4 Term R. 177. *East Ind. Ins. Co.* v. *Hensley*, 1 Esp. 111. *Snow* v. *Perry*, 9 Pick. 539. *Labdell* v. *Baker*, 1 Met. 201. *Batty* v. *Carswell*, 2 Johns. 48.

II. That defendants knew that plaintiff was attending the patient after the first visit, is not a fact, from which an assent to his doing so upon their responsibility can be inferred, as matter of law against them.

*Underwood & Hard* for plaintiff.

I. This court will not reverse the judgment of the county court unless for error apparent upon the record.

If therefore the facts found and reported, by the auditor, are sufficient in law to support the decision of the county court, or if from the facts reported the court was authorized to infer such an understanding of the parties as would render the defendants liable—the decision below should not be disturbed. *Clark* v. *Whipple*, 12 Vt. 483. *Clark et al* v. *Waterman*, 7 Vt. 76. *Abbott* v. *Camp*, 23 Vt. 651.

II. The rule in relation to the agent is, that where an agent in transacting the business of his principal, is guilty of a misfeasance, nonfeasance or negligence, by which a third person suffers—the principal is responsible. So if a message is sent, and the messenger deliver it in such a manner, that the person to whom it is delivered is justified in doing an act on the credit of the principal, the principal is responsible. Upon the rule that when one of two innocent persons must suffer from the act of an agent, he who employed the agent must bear the burden. *Goodman* v. *Eastman*, 4 N. H. 455. 12 U. S. Digest 493. *Bloomer* v. *Denman*, 12 Ill. 240. *Johnson* v. *Barber*, 5 Gilman 425. *Phil. & Read. R. R. Co.* v. *Derby*, 14 Howard 468.

The opinion of the court was delivered by

BENNETT, J. The defendants sent their own agent for the

plaintiff, and clothed him with authority to employ plaintiff to visit the boy, and though the agent was told to inform the plaintiff that the defendants would pay him for the first visit; yet this the agent for some cause neglected to do, and employed the plaintiff generally to attend the boy, so long as he might need medical aid.

The law is well settled, that if an injury is to result to one man from the omissions or neglect of an agent of another, the principal must be held liable. In this cause the defendants, through the neglect of their agent caused the services to be rendered upon their credit; and the case is within the above principle.

There is another ground upon which the judgment below should be affirmed.

This court will not reverse a judgment of the county court, unless enough appears affirmatively to show that there was error. The evidence tended to prove a ratification of the acts of the agent by the principals. The county court may have decided this case by inferring a ratification from the facts reported by the auditor; and if the county court, instead of recommitting the report for a more explicit finding of facts, draw their own inferences arising from the facts, specifically found by the report, their decision is final. *Birchard et al* v. *Palmer,* 18 Vt. 303, is to that effect.

If necessary to sustain the judgment below, this court will presume the county court drew such inference, if the contrary does not appear.

The judgment of the County Court is affirmed.