## Mundorff versus Wickersham.

1. If an agent obtain possession of property under an unauthorized condition, the principal must either return the property or hold it subject to the condition.

2. *Qui sentit commodum sentire debet et onus.*

3. Where one adopts a contract entered into without his authority, he must adopt it altogether. He cannot ratify the beneficial part and reject the remainder.

4. Where a servant sells a horse and, without authority, warrants him, the master receiving the price, though ignorant of the warranty, is bound by it.

5. Where one of two innocent persons must suffer by the fraud or negligence of a third, whichever has accredited him must bear the loss.

6. The holder of a note is responsible for representations made by a broker employed to sell it, though contrary to his instructions.

7. A principal who sues to enforce a contract is bound by representations of his agent made to induce the opposite party to enter into it.

8. A debtor cannot have the benefit of a compromise effected by his agent without adopting all the representations made by the agent whilst negotiating it.

9. If an agent borrow money for his principal and procures another to become surety who pays the debt, the principal is answerable to the surety.

[Mundorff *v.* Wickersham.]

November 2d 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 210, to October and November Term 1869.

This was an action of assumpsit to July Term 1860, by Gibson A. Mundorff against Samuel M. Wickersham. The suit was brought to recover the amount of the plaintiff's note, which it was alleged had been lent to the defendant, and which the plaintiff was obliged to take up at maturity. The plaintiff gave in evidence the note and a receipt as follows :—

" $300.          .          Pittsburg, November 29th 1858.
" Four months after date, I promise to pay to the order of S. M. Wickersham, three hundred dollars, without defalcation, for value received.   ·

G. A. MUNDORFF."

" Pittsburg, November 29th 1858.
" We received of G. A. Mundorff his note, calling for three hundred dollars, payable to the order of S. M. Wickersham, dated November 29th 1858, which we are to protect at maturity.

JAMES VANDERGRIFF,
for S. M. WICKERSHAM."

The plaintiff then called Vandergriff, who testified that defendant told him the plaintiff was to give him (defendant) a note, told witness to call at plaintiff's office and he would give the note to him ; witness called on plaintiff, who said he was to give a note ; he delivered the note in question to witness, and drew the above receipt, which the witness signed. On cross-examination the witness stated that he was not indebted to defendant ; did not know whether the plaintiff owed the defendant or not ; witness had no authority from defendant to sign the receipt in the way he did. The plaintiff having closed, the court (Williams, J.) directed a judgment of nonsuit, which the court in banc refused to set aside. This was assigned for error, on the removal of the case by the plaintiff to the Supreme Court.

*B. F. Lucas* (with whom was *A. G. Lucas*), for the plaintiff in error, cited Bevan *v.* Insurance Co., 9 W. & S. 187.

There was no argument or paper book for defendant in error.

The opinion of the court was delivered, January 3d 1870, by SHARSWOOD, J.—If an agent obtains possession of the property of another, by making a stipulation or condition which he was not authorized to make, the principal must either return the property, or, if he receives it, it must be subject to the condition upon which

[Mundorff v. Wickersham.]

it was parted with by the former owner. This proposition is founded upon a principle which pervades the law in all its branches: *Qui sentit commodum, sentire debet et onus.* The books are full of striking illustrations of it, and more especially in cases growing out of the relation of principal and agent. Thus, where a party adopts a contract which was entered into without his authority, he must adopt it altogether. He cannot ratify that part which is beneficial to himself and reject the remainder: he must take the benefit to be derived from the transaction *cum onere:* Broom's Legal Maxims 632; Hovil v. Pack, 7 East 164; Coleman v. Stark, 1 Oregon 115. In the familiar case of the sale of a horse by a servant, who, without authority, warrants the soundness of the animal; the master having received the price enhanced by the warranty, even though ignorant of it, is responsible: Nelyear v. Hawke, 5 Esp. 72; Alexander v. Gibson, 2 Campb. 555; Williamson v. Canaday, 3 Iredell 349. Where the agent of the insured, in effecting an insurance, makes a false and unauthorized representation, the policy is void. Where one of two innocent persons must suffer by the fraud or negligence of a third, whichever of the two has accredited him, ought to bear the loss: Fitzherbert v. Mather, 1 T. R. 12. The holder of a note is responsible for representations made by a broker employed to sell it, though contrary to his instructions: Lobdell v. Baker, 1 Metcalf 193. A principal who sues to enforce a contract, is bound by the representations made by his agent, in order to induce the opposite party to make it: Bennett v. Judson, 21 N. Y. 238; Elwell v. Chamberlain, 4 Bosw. 320; 31 N. Y. 611; so a debtor cannot have the benefit of a compromise and release, effected by his agent, without adopting all the representations made by the agent to the creditors, in negotiating it: Crans v. Hunter, 28 N. Y. 389. If an agent borrows money for his principal, and procures another to become surety, and the surety afterwards pays the debt, the principal is answerable to the surety: Higgins v. Dillinger, 22 Miss. 397. There is a very strong case in Barber v. Britton, 26 Verm. 112, where the defendant sent a servant to employ the plaintiff, who was a physician, to visit a boy who had been injured in their service, and directed him to tell the plaintiff that they would pay for the first visit. The servant neglected to mention this, and employed the plaintiff generally. He attended the boy until he recovered, and the defendants were held liable for his whole bill. Many of these cases are put upon an implied authority, but the more reasonable ground, as it seems to me, is, that the party having enjoyed a benefit, must take it *cum onere.*

The defendant in this case received a note signed by the plaintiff, which was delivered to the defendant's agent, upon the faith of an undertaking that he would protect it at maturity. He has

[Mundorff *v.* Wickersham.]

enjoyed the benefit of the transaction. He used the note in his business, and doubtless received the proceeds of its discount. The plaintiff has been obliged to pay it at maturity, as his possession of the note with the defendant's endorsement proves, at least primâ facie. He is now seeking to enforce the contract evidenced by the receipt. Why shall not the defendant bear the burden of the transaction, as he has received the benefit? If the note was not an accommodation note, but founded on value; if the plaintiff did owe the defendant the amount of it, and the defendant was not bound to protect it at maturity, then there was a palpable fraud committed by the plaintiff, in requiring the agent to sign such a receipt, and this would be a full defence to the action.

Judgment reversed, and *procedendo* awarded.