# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Savory v. North East Borough, Appellant.

*Negligence—Settlement of claim—Husband and wife.*

Where a wife settles a claim for damages for personal injuries against a borough, receives a certain amount in cash, a part of which represented the wages of a nurse, and procured the payment of her doctor's bill by the borough, and the husband hears of the settlement the following day, expresses his satisfaction at it, and does not return or offer to return the amount of the doctor's bill or nurse's wages, he cannot thereafter sue the borough for the loss of the services of his wife.

Argued May 16, 1904. Appeal, No. 77, April T., 1904, by defendant, from judgment of C. P. Erie Co., Sept. T., 1901, No. 194, on verdict for plaintiff in case of William Savory v. North East Borough. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass by husband for loss of services of wife. Before WALLING, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were various instructions.

*E. L. Whittelsey* and *J. W. Sproul,* for appellant.—Where

one with full knowledge receives profits or benefits, he may be presumed to have ratified and accepted the conditions by which they are effected : Mundorff v. Wickersham, 63 Pa. 87 ; Wright v. Burbank, 64 Pa. 247 ; Kramer v. Dinsmore, 152 Pa. 264 ; Donoghue v. Consolidated Traction Co., 201 Pa. 181.

*Danford R. Cushman,* with him *Frank Gunnison,* for appellee.

OPINION BY MORRISON, J., July 28, 1904 :

This was an action of trespass brought by the plaintiff to recover damages for loss of services, etc., of his wife caused, as alleged, by injuries received on a defective sidewalk maintained by the defendant. It resulted in a verdict and judgment for the plaintiff in the sum of $500. Two important questions in the case were first the negligence of the defendant and second the contributory negligence of the plaintiff. Both of these questions, under the evidence, were somewhat close and were clearly for the consideration of the jury. An examination of the testimony convinces us that the learned court could not have given binding instructions either that the defendant was not negligent or that the plaintiff was guilty of contributory negligence, and we think these questions were submitted to the jury in a charge that was entirely fair to the defendant. Therefore the first and third assignments of error are not sustained.

The second assignment of error is based on the answer of the court to the defendant's third point, which is as follows : " If the jury find from the evidence that some seven months after the alleged injury to the wife, a claim was presented to the borough by the agent of the husband and wife, and in pursuance thereof a committee was appointed by the borough to settle the claim, and it was afterwards settled by the payment to the wife of $136 and payment of her doctor bill, and said sum also included the expense of the wife's nurse or servant, and this settlement was known to the present plaintiff and assented to by him, he cannot now maintain this separate action and the verdict must be for the defendant." *Answer :* " The third and fourth points of the defendant are refused.

The undisputed testimony shows that the plaintiff authorized

T. O. Marshall to present his claim and that of his wife against the defendant and endeavor to procure a settlement of the same. In pursuance of this authority Mr. Marshall presented the claims of the plaintiff and wife to the borough authorities and requested that a committee be appointed for the purpose of endeavoring to settle the same and avoid litigation. The borough council appointed such committee and after some consideration this committee went to the house of the plaintiff and settled with his wife, paying her $136 and paying her physician $77.00. The clear and pointed testimony of several witnesses is that immediately after this settlement, probably the next day, the plaintiff said he was well pleased with the settlement they had made ; that the amount they had received was satisfactory, and that they were more than satisfied and thought they had given them all they were entitled to. There is no doubt that the claims of both husband and wife were presented to the councils by the agent of the plaintiff and the committee appointed at his solicitation. This committee visited the plaintiff's house and settled with the wife and paid the doctor's bill and servant's wages, items which the plaintiff could have collected if he had brought suit and the defendant was under any legal liability to pay these claims. In view of the fact that several witnesses testified to the effect that the plaintiff had full knowledge of this settlement immediately after it was made expressed himself well satisfied and that the borough had paid them all that they were entitled to, it is difficult for us to understand why the defendant's third point was refused. The effect of this refusal left the jury to find a verdict in favor of the plaintiff as if nothing had been paid except that which belonged peculiarly to the wife.

It is true the plaintiff was not present at the settlement and did not sign the release, but it must be conceded that the $77.00 doctor bill and the portion of the $136 allowed for wages of the servant in caring for Mrs. Savory were moneys which the plaintiff was entitled to collect if he had brought suit and the borough was liable at all. If the plaintiff was informed of these payments immediately after they were made and retained the money he must be presumed to have ratified and accepted the settlement. In addition to this we think there was sufficient evidence to require the submission of the question to the

jury as to whether the wife had authority to settle for both herself and her husband.    We think the evidence discloses facts and circumstances from which a jury could infer that the wife had authority and could settle with the representatives of the borough the claims of herself and husband growing out of the injury alleged to have been received by her upon the defective sidewalk.    If the plaintiff desired to repudiate the act of his wife in making the settlement he ought to have returned the money paid for the doctor's bill and servant's wages for which he had a right to bring suit.    He must adopt the settlement altogether or promptly repudiate so far as it was under his control: He could not ratify the beneficial part and reject the remainder.    Mundorff v. Wickersham, 63 Pa. 87 ; Meyerhoff v. Daniels, 173 Pa. 555.

The Act of May 8, 1895, P. L. 54, provides : " Sec. 1. Whenever injury, not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife."    This act is mandatory and only one suit can be brought by husband and wife in such case.    In the present case it is conceded that if there was a right of action it was in both husband and wife. It is also conceded that she settled her claim and received full compensation therefor.    It must also be conceded that she settled and received for her husband the amount of the doctor's bill and the servant's wages, and that the husband had knowledge of this immediately after the settlement, probably the next day.    Under this state of facts we are unable to see how the plaintiff, without repudiating this settlement and returning or tendering so much of the consideration as belonged to himself, could maintain the present action.    Certainly he could not maintain it without satisfying the jury that his wife had no authority to settle his claim and that he received no benefit from the settlement, and that he repudiated it promptly when informed of its character.

In our opinion the court erred in refusing the defendant's third point.    Under the evidence we think this point should have been affirmed.    It is true there is no evidence that plaintiff was paid anything for the loss of the services, etc., of his

wife, but his claim for doctor's bill and nurse for his wife was paid, and if his wife had authority to make the settlement for him he had no cause of action remaining. Again if she did not have precedent authority to make the settlement, but did settle and receive money from the defendant to which her husband was entitled, and he ratified this action of hers when it came to his knowledge, this would extinguish his cause of action.

The second assignment of error is sustained and the judgment is reversed and v. f. d. n. awarded.