Opinion by
Orlady, J.,
The parties to this action entered into a written agreement by which the defendant obligated itself to build, maintain and operate a double track street railway between designated termini; to be completed and in operation within six months from the date of the agreement. To further this enterprise the plaintiff was to pay the sum of $986 to the defendant “said amount being the price or cost of the twelve foot strip to be acquired from the executors and the trustees under the will of C. M. Reed,” etc. and to be paid upon the execution of the agreement. The concluding paragraph is as follows: “Seventh — It is also agreed and understood that if the first party (defendant), its successors or assigns, shall fail, refuse or neglect to construct and complete its said proposed extension, within the period of six months from this date, then the said first party agrees to refund to the said second party his administrators or assigns, the said sum of nine hundred and eighty-six dollars, at the end of the six'months.” The plaintiff paid the sum he promised as his consideration, on the date the contract was signed, by two checks drawn to the order of the defendant company and they were exhibited in evidence showing its indorsement, by its cashier, so that the company in fact received the whole sum.
This action is to recover the amount of money which the defendant promised to pay to him in case it “failed, *97 neglected and refused to complete its proposed extension” within the time provided for by the parties.
It is not necessary to review the reasons which moved the parties through mutual considerations to make this contract. They reduced their promises to writing, and by clear, unambiguous language the defendant promises to pay to the plaintiff a definite amount upon a contingency which is clearly established by undisputed proof.
Whether the promised payment is treated as an original undertaking or as liquidated damages is not material under the facts.
While the contract was signed by the general manager of the company instead of by the president and secretary and attested by the seal of the corporation, the fact is admitted, that it was submitted for the approval of the general officers, and that the money passed into the treasury of the company, by which it received the proportionate benefit of the contract. The general manager was acting within the apparent scope of his authority, as he was in entire charge of the business of the company in this development of its affairs and all that he did therein was ratified by his principal by its acceptance of the money and the fruits of the bargain. The company could not ratify the part beneficial to it and reject the remainder: Mundorff v. Wickersham, 63 Pa. 87; Savory v. North East Boro., 26 Pa. Superior Ct. 1. All the facts developed on the trial not only tended to show but conclusively showed that in the execution of this contract the general manager had the authority to bind the company: American Car & Foundry Company v. Water Co., 218 Pa. 542.
The parties fixed the exact amount to be paid and they are presumed to have fully considered the reasons moving them thereto. The time fixed for the completion of the road and the payment to be made by the company in default are expressly named. In such cases it is next to impossible to establish by evidence the actual damages resulting from the breach of contract. It must be assumed that this difficulty was in contemplation of the parties *98 ■when the contract was made. To reheve this they named a specific sum and they must expect the courts to take them at their own word: Ambridge Borough v. P. & B. St. Ry. Co., 234 Pa. 157; York v. York Railways Co., 229 Pa. 236.
The charge of the court was but a fair interpretation of our -decisions and there was no evidence to justify a jury in finding that the plaintiff had waived his right to' insist upon the performance of his contract.
The assignments of error are overruled and the judgment is affirmed.