Opinion by
Porter, J.,
The plaintiff brought this action of assumpsit to recover the purchase money paid by him for stock in a mining corporation, alleging that the defendants had contracted to deliver the certificate for the stock upon his payment of the contract price, that he had completed the payment of the full amount of the purchase money on February 25, 1907, that he had repeatedly thereafter demanded that the defendants deliver to him the stock certificate which they had failed to do, that on or about September 15, 1907, he demanded of the defendants that they deliver to him the stock certificate or repay him the money which he had paid for it on or before the last day of September, 1907; that defendants failed to comply with this demand, and that on March 12, 1908, he had caused the defendants to be notified that he rescinded the contract for the purchase of the stock and demanded a return of his money, and that defendants having failed to repay the money he brought this action to recover. The plaintiff recovered a judgment in the court below and the defendants appeal.
The appellants do not question the right of the plaintiff to rescind the contract and demand a return of his money, nor that he took the si eps necessary to work a rescission, *111 if there was a valid contract, binding on all the defendants, to deliver the certificate for the stock at the time of the payment of the purchase money therefor. Their contention is that no evidence was produced tending to establish an obligation upon the part of all the defendants to deliver the stock certificate on February 25, 1907. The plaintiff had in the transaction dealt with Holgate, who assumed to act for himself and the other defendants. The plaintiff produced evidence sufficient to warrant a finding that at the time of the origin of the negotiation, when the first payment on account of the stock was made, on February 19, 1907, Holgate had represented to him that he (plaintiff) should make the final payment in a few days, and the certificate for the stock would then be delivered; that plaintiff did make the final payment, on February 25, 1907, and that Holgate then delivered to him a written receipt, stipulating for the delivery of the certificate forthwith. Holgate denied that he had, at the time of the first payment, represented that he would be ready to receive the final payment and deliver the certificate in a few days, and testified that the inclusion of the clause, in the receipt dated February 25, 1907, stipulating for the delivery of the certificate upon the final payment then made, had occurred through a mistake. The issue of fact arising from this conflict of evidence was fairly submitted to the jury. The verdict determines that Holgate, representing that he was acting for himself and the other defendants, sold the stock in question and contracted to deliver the certificate therefor upon payment of the full amount of the contract price; that upon the faith of this agreement the plaintiff, on February 25, 1907, paid to the defendants, through Holgate, the full amount which he had agreed to pay for the stock. The appellants assert that even if Holgate did make the contract, purporting to be made for himself and his codefendants, thus established by the verdict, the plaintiff was not entitled to recover in this action, for the reason, as they contend, that the contract was binding only upon Holgate, as it was *112 made without the knowledge and consent of the other defendants, and as this action was against all the defendants, jointly, the court should have entered judgment in favor of the defendants non obstante veredicto. They assert, in their “statement of the questions involved,” that the assignments of error which refer to this branch of the case present this question: “Can one of the joint defendants hold the others by agreement made without their knowledge or consent, changing the original agreement of sale of stock?” The final effect of the finding of the jury upon the disputed facts must, in this case, be determined and controlled by the facts which were undisputed.
The appellants admitted that they had all joined in an undertaking to promote a mining operation; they had formed a corporation, of which they had absolute control; they, as the corporation, had entered into a contract to purchase from themselves as individuals certain property for which they were to be paid in stock of the corporation, which stock was to be issued to them, or to some of their number. An undivided interest in the property which they had thus agreed to convey to the corporation was owned by an outside party, and in order to enable them to raise funds to buy that outstanding interest, they entered into an arrangement among themselves to sell 4,800 shares of the stock, which, as individuals, they were entitled to receive from the corporation as payment for the property. All of the defendants joined in authorizing Holgate to make sale of these 4,800 shares of stock, in which they were all jointly interested, and to receive payment for the same from the parties to whom he made sales. Holgate, acting for all the defendants under the authority thus conferred, did make sale of a part of the stock to this plaintiff and did receive the money of plaintiff in payment for the same. The money which Holgate thus received was by all of the defendants admitted to have been applied to their joint use. There is no question that the defendants have all joined in appropriating to *113 their joint use the money which Holgate, acting as their agent, received from this plaintiff, and the verdict establishes that the defendants failed and refused to perform the contract upon which their agent received the money. This plaintiff is not seeking to enforce the contract specifically; he is not asserting the right to recover damages because of the failure of the defendants to deliver to him stock at a time when he might have sold it at an advanced price. He seeks only to recover the money which he paid, upon the ground that the defendants failed to perform the contract upon which he paid the money to their agent. The question in this case is really not whether all the defendants were bound by the contract which Holgate made on their behalf; it is whether they are entitled to retain plaintiff’s money, after having refused to perform the contract upon which it was received by their agent. When a principal has received money or property from his agent, of which the latter had obtained possession in pursuance of a contract with another, which he, as agent, had no authority to make, the principal must either return the money or property or hold it subject to the contract through which it was obtained. Where one adopts a contract entered into without his authority, he must adopt it altogether. He cannot ratify the beneficial part and reject the remainder: Mundorff v. Wickersham, 63 Pa. 87; Wheeler & Wilson Co. v. Aughey, 144 Pa. 398. The defendants having disaffirmed the contract made by Holgate, as their agent, were not entitled to retain the money which the plaintiff had paid upon the faith of that contract.
The second question argued by the appellants involves the propriety of the action of the court below in permitting a verdict and judgment to stand against the four persons at present defendants, which did not also include, as a defendant, a fifth party. The plaintiff had brought the action against the four appellants and Walter Schlager, as' defendants. After all the evidence had been submitted at the trial he moved to amend the record by striking out Schlager as a defendant, which motion the court below al *114 lowed. The defendants took no exception to the allowance of the amendment. The amendment was one clearly allowable within our statutes relative to amendments, and, as a mere matter of pleading, the amendment of the record involved no error: Ganzer v. Fricke, 57 Pa. 316; Penna. R. R. Co. v. Keller, 67 Pa. 300. The appellants ^ssert in this court, however, that the evidence at the trial in the court below established that if the appellants were jointly liable Schlager was also liable jointly with them. The evidence at the trial disclosed that Schlager had been in Cuba at the time when the four appellants entered into the arrangement under which Holgate acted in selling the stock. There was no positive testimony that Schlager had joined in authorizing Holgate to make sale of stock. Schlager thus stood in a relation to Holgate somewhat different than that of the other defendants. This was the condition of the case when, after all the testimony upon both sides had been presented, the learned counsel representing these appellants, acting on behalf of his clients, made this statement to the court below: “It seems to me, your honor, that there is not sufficient evidence here to hold Mr. Schlager in this case.” The learned judge of the court below then said: “I am going to let Mr. Schlager out: I don’t think the evidence connects him sufficiently, to hold him.” Counsel for the plaintiff then moved to amend the record by striking out the name of Walter L. Schlager as a defendant in the case. This motion the court allowed. Counsel for the appellants then said: “We plead surprise, and ask that a juror be withdrawn, and the case continued. We relied upon the principle and theory of the law that when men are sued jointly, they must be recovered against jointly, and if there is no testimony to warrant a joint recovery, a verdict must be directed for the defendants. We had other testimony which we could have presented, but feeling confident that there was no testimony that would include Mr. Schlager in this, and relying upon that we rested.” The court thereupon asked where the witnesses were, whereupon counsel for defendants can *115 didly admitted that they were then in court, and the court reopened the case and permitted them to introduce the testimony of such witnesses. The testimony subsequently introduced has no bearing on the question here presented. It thus appears that upon the conclusion of the testimony at the trial the defendants presented the contention that there could be no recovery against the five defendants sued, for the reason that there was no evidence sufficient to sustain a finding that Schlager was jointly hable with the other four. The assertion of defendants was that there was no evidence before the court tending to establish the joint liability of Schlager, with the other defendants, and that, therefore, the plaintiff was not entitled to recover. The court seemed inclined to agree with the contention of the defendants, and the plaintiff thereupon took the defendants at their word and discontinued as to Schlager. The contention of the appellants in this court, that the evidence established that Schlager was jointly liable, refers to the very same evidence that they asserted in the court below was not sufficient to sustain a finding that he was liable. It is not necessary for us to inquire as to the correctness of the ruling of the court below upon this point; its action was induced and contributed to by the appellants and for it they were responsible; even if it was erroneous they have no standing to complain of it in this court: American Life Insurance Co. v. McAden, 109 Pa. 399; Pantall v. Rochester & Pittsburg Coal & Iron Co., 204 Pa. 158. All the specifications of error are overruled.
The judgment is affirmed.