# Wax v. Roydhouse Arey Company, Appellant.

*Contract—Breach—Ratification—Adoption in part—Principal and agent—Case for jury.*

1. In an action against a corporation to recover damages for breach of contract it appeared that the defendant was engaged in tearing down an old structure, and that a son of the president of the defendant company had authority to sell scrap iron and lumber from the building. The plaintiff purchased from the son iron and junk "including beams, stairways and miscellaneous scrap." There was evidence that outside the iron beams the scrap was practically worthless, and that it cost more to remove it than the money which it would realize on a resale. The president of the defendant company saw the plaintiff moving the scrap away, but before the beams were removed, told the plaintiff that he had use for the beams himself, and that his son had no authority to sell them. The plaintiff was also informed that the beams were not the property of the defendant. *Held*, that the question of agency was for the jury, and that a verdict and judgment for plaintiff for the value of the beams should be sustained.

2. Where one adopts a contract entered into without his authority he must adopt it altogether; he cannot ratify the beneficial part and reject the remainder.

Submitted Oct. 19, 1914. Appeal, No. 213, Oct. T., 1914, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1910, No. 393, on verdict for plaintiff in case of Abraham Wax and Louis Lenenberg, trading as Camden Iron & Metal Works, v. Roydhouse Arey

Company.  Before RICE, P. J., ORLADY, HEAD, KEP-HART and TREXLER, JJ.  Affirmed.

Assumpsit for breach of contract.  Before AUDEN-RIED, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $684.  Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant n. o. v.

*Charles S. Wesley* and *Ernest L. Tustin*, for appellant.

*Joseph Gross*, for appellees, cited: Phillips v. International Text Book Co., 26 Pa. Superior Ct. 231; Benjamin v. Holgate, 51 Pa. Superior Ct. 104.

OPINION BY KEPHART, J., February 24, 1915:

The only question involved in this appeal is the sufficiency of the evidence to establish an agency giving authority to one of the employees connected with the defendant to sell certain iron beams.  The defendant was engaged in taking down an old building.  This employee was on the ground looking after the work.  The plaintiff purchased from him iron and junk, "including beams, stairways, and miscellaneous scrap, such as pipes, wiring, etc."

It is the defendant's contention that the employee, H. M. Roydhouse, who was a son of the president of the defendant company, was not authorized to sell the iron beams.  From the evidence it is clear that he was authorized to sell scrap iron and lumber connected with the building.  He sold some of this material to others than the plaintiffs in the case.  When the representative of the plaintiffs called to ascertain if he could purchase the lumber, the defendant's foreman introduced him to

H. M. Roydhouse as being the one in authority to sell
the iron which the plaintiffs desired to buy.   Shortly
after the plaintiffs' purchase, Abraham Wax, one of the
plaintiffs' firm, was in conversation with the president
of the defendant company and the son who sold the
iron, when the sale, as called for in the receipt, was
discussed.   The president told the representative of the
plaintiffs to move it away as rapidly as possible, and
he was at the work three or four times a day and saw
the plaintiffs moving a part of the scrap iron away.   The
iron had been paid for and no effort was made to return
the purchase money until some time after the contract
had been made.   A witness for the defendant testifies
that outside of the iron beams the scrap was practically
worthless.   The plaintiffs show that it cost them more
than this scrap was worth to get it out and haul it
away.   After the plaintiffs had been ordered not to move
the beams, Mr. Wax went to the defendant's office and
interviewed the president, when the conversation as re-
lated by Mr. Wax gives the real cause for this refusal.
Mr. Roydhouse, the president, said: "I just got a build-
ing contract to erect a building, and I have use for those
beams. . . .   I will give you your money back on the
junk you hauled out from there.   I think that will cover
your expenses and some profit."   Mr. Wax informed
him that the only things they were looking for, were the
beams and that was his reason for buying the scrap; to
which Mr. Roydhouse replied: "I must have them and
you can't have them.   You can do whatever you please."
It is clear from the record that there was sufficient
evidence in the case to submit the question of agency
to the jury, which the learned trial judge did in a charge
which is free from error.   While the defendant denied
the authority of young Roydhouse to sell, they accepted
a part of his contract which caused the plaintiffs more
expense than the money they could receive from its sale.
"Where one adopts a contract entered into without his
authority, he must adopt it altogether.   He cannot ratify

the beneficial part and reject the remainder:" Benjamin v. Holgate, 51 Pa. Superior Ct. 104. The claim of the defendant that the beams were not its property and therefore the young man could not sell them, would not help the defendant. Persons very often contract to sell things they do not own, with the hope of being able to deliver them when the time comes. The plaintiffs were led to believe the iron was owned by the defendant. The apparent scope of the authority of the young man in charge of the work, with his act in selling lumber and scrap to others, would be evidence of holding out as an agent to justify persons dealing with him in assuming that he had authority to sell all of the scrap iron in question.

The assignment of error is overruled and judgment affirmed at the cost of the appellant.