# Kalbach *v.* Marine-Galligan Co., Appellant.

*Contracts—Principal and agent—Authority—Ratification—Benefits received.*

In an action of assumpsit to recover the value of patterns received and used by the defendant the testimony showed that defendants had a license to use a patented article under an agreement that they should pay for any improvements of which they approved. A letter signed by the president of defendant company authorized the patentee to have certain patterns incorporating some improvements made. The latter ordered patterns from plaintiff and defendant accepted and used them. The lack of authority of the defendant company's officers to make the contract was offered as a defense.

Under the circumstances, the authority of the defendant's agent was immaterial since, by its unconverted receipt and use of the goods, it ratified the contract.

Where one adopts a contract entered into without his authority he must adopt it wholly. He may not ratify the beneficial part and reject the remainder.

Argued October 13, 1927.   Appeal No. 189, October T., 1927, by defendant from judgment of M. C. Philadelphia County, January T., 1926, No. 1326, in the case of Walter L. Kalbach v. Marine-Galligan Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit to recover the value of goods received and used.   Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $199.80, on which judgment was entered.   Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Martin G. Stein,* of *Gaffney & Bauer,* for appellant. —The contract was without authority: Bangor, etc., Ry. Co. v. Slate Co., 203 Pa. 6; Allegheny County Workhouse v. Moore, 95 Pa. 408; W. Loan & Bldg. Ass'n v. Heaton, 233 Pa. 173; Langenheim et al. v. The Anschutz-Bradbury Co., 2 Pa. Superior Ct. 285; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; T. L. Smith Co. v. Burd P. Evans & Co., 56 Pa. Superior Ct. 626; Mahonig Valley Bread Co. v. B. & O. Ry. Co., 83 Pa. Superior Ct. 379; Moore's Exco v. Patterson, 28 Pa. 505; Slease v. Naysmith, 14 Pa. Superior Ct. 134; Sword v. Reformed Cong. of Keneseth Israel, 29 Pa. Superior Ct. 626; Republic Bank Note Co. v. Northwestern Penna. Ry. Co., 65 Pa. Superior Ct. 72.

*E. A. Votaw,* of *Conard and Middleton,* for appellee. —The contract was ratified by the defendant: Dough-

erty v. Hunter, 54 Pa. 380; Hartzell v. Ebbvale Co., 239 Pa. 602; Benjamin v. Holgate, 51 Pa. Superior Ct. 104.

OPINION BY HENDERSON, J., December 15, 1927:

The defense to the plaintiff's claim was that there was no privity of contract between him and the defendant, and that the agency of Watkins, relied on by the plaintiff, was not proven. That the latter owned a patent for an improved grate bar to be used in boilers, described as the "Bridge-grate," is not disputed; nor is there any contradiction that the contract of March 10, 1925, between the patentee and the defendant company granting a license to the latter to use the grate bar patent, was entered into for the company by Galligan its treasurer. There is also direct affirmative evidence that the defendant operated under the license, and this is not contradicted. It is sufficiently established, therefore, that the defendant was making use of the Watkins patent under authority of the contract referred to. One of the provisions of that contract was that if "Any change or additions are deemed necessary to improve or develop the field for said Bridge grate, the patterns needed for said improvement shall be paid by the licensee, provided said licensee shall approve the said improvement." Pursuant to this provision of the contract, the president of the Company, under date of March 28, 1925, wrote as follows to Watkins, the patentee: "We authorize you to make the necessary changes in the patterns to the front piece added to our usual form of grate to enable us to place the grate on the present bearing bars removing the same. As we understand it this will necessitate a pattern for the 10 and 11 inch foot bridges and one saddle. Very truly yours, Marine-Galligan Co., John D. Marine, President."

The testimony of Watkins shows that he applied to the plaintiff to make the patterns contemplated in the

letter of the president of the defendant company, above quoted; and that the patterns were provided by the plaintiff; that they were received by the defendant and used by it in the subsequent manufacture of the Bridge-grate bars; that the defendant sold the grate bars in their business thereafter. On the evidence thus briefly stated, the trial judge, who heard the case without a jury, found in favor of the plaintiff. As there was no evidence showing what the authority of the officers of the defendant company was, nor an exhibit of the charter or by-laws under which it was doing business, we regard the conclusion of the court as well supported. Under the evidence presented, if it be conceded that the authority of the president and the treasurer to sign the contracts with Watkins does not appear, there is no dispute about the fact that the defendant accepted the benefits of those contracts. The principle is well established that where one adopts a contract entered into without his authority he must adopt it wholly. He may not ratify the beneficial part and reject the remainder: Hartzell v. Ebbvale Mining Co., 239 Pa. St. 602; Mundorff v. Wickersham, 63 Pa. 87; Wheeler & Wilson Co. v. Aughey, 144 Pa. 398; Benjamin v. Holgate, 51 Pa. Superior Ct. 104. The evidence shows that at the time the contract authorizing the defendant to use the patent was entered into, a discussion was had with the representatives of the defendant with respect to the advisability of the change in the grate bars, and that the direction to Watkins to make the change was pursuant to the discussion on that subject.

The evidence supports the finding that Watkins was authorized to procure the necessary patterns and that when procured they were accepted by the defendant and used in its business. The conclusion properly followed that under the case as presented the defendant was bound to the pattern maker for the value of his work.

The judgment is affirmed.