## Moss *v.* Stalwart B. & L. Assn., Appellant.

Argued December 16, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*A. J. Nydick,* and with him *M. Jacob Markmann,* for appellant.

*Harry Shapiro,* for appellee.

Opinion by Baldrige, J., January 25, 1933:

On December 7, 1925, Dr. Julius Wolfson, owner of premises known as 1003 South Sixth Street, Philadelphia, applied to the defendant building and loan association for a loan in the sum of $3,500, on behalf of Mary Schwartz, to whom he was about to sell this property, offering as security a second mortgage thereon. The board of directors voted to grant the loan, provided $1,000 was deposited as additional security. This amount was deposited in cash by Wolfson, and the loan was consummated. When $1,000 was paid on account of the mortgage loan, a demand was made to return that sum, and it was refused. Suit was brought, and the trial judge, sitting without a

jury, found for the plaintiff, the assignee of Wolfson.

Two questions are raised by the defendant in this appeal: (1) Was the $1,000 to be retained by the association until that amount had been paid by the borrower in customary dues, or until all the indebtedness had been paid? (2) Was there sufficient competent evidence to establish that Stern was the authorized agent of the association to enter into such an agreement?

(1) Dr. Wolfson testified that he had a definite and express agreement with Stern, secretary of the association, that $1,000 was to be returned to him when that amount had been paid on the mortgage. Mrs. Wolfson stated that in the settlement, when the $1,000 was paid, Rosenstein, conveyancer for the association, said to Dr. Wolfson that "as soon as Schwartz would pay $1,000 off, that Dr. Wolfson would get his money back." Rosenstein testified that he had no recollection "as to the terms upon which this security was deposited." The defendant, in its affidavit of defense, expressly admits that an oral agreement was entered into when the money was deposited, but avers it was to "remain with the defendant corporation, as collateral security, until the aforesaid mortgage loan of $3,500 shall have been paid in full." It thus clearly appears that there existed an oral agreement, but that the terms thereof are disputed. The evidence, however, was sufficient for the trial judge to conclude that the $1,000 was to be returned when that amount was paid on the mortgage.

(2) That brings us to the question of Stern's authority to bind the association. It is conceded that all the preliminary negotiations were carried on with Stern as secretary of the association, and that the settlement was made with him and Rosenstein in the course of their usual duties. The association definitely avers in its affidavit of defense that it was acting through its secretary in entering into an agreement

respecting this deposit. It cannot, after giving express authority to represent it in this particular transaction, in pursuance of which the contract was executed, deny its agent's authority or question his right to agree to terms pertaining to the subject-matter of the contract. If Sterns exceeded his instructions, the validity of the contract was not affected: Brooke et al. v. N. Y. L. E. & W. R. R. Co., 108 Pa. 529, 546, 1 A. 206; Williams v. Cook, 289 Pa. 207, 212, 137 A. 232. The defendant, having accepted the benefit of this transaction, may not now repudiate or question any of its terms: Danish Pride Milk P. Co. v. Marcus, 272 Pa. 340, 344, 116 A. 303. It may not ratify the beneficial part and reject the remainder: Kalbach v. Marine-Galligan Co., 92 Pa. Superior Ct. 185, 188. In McBride, Admx. v. W. Pa. Paper Co., 263 Pa. 345, 350, 106 A. 720, the Supreme Court said: "Defendant also denied liability, averring no action by its board of directors or other officials binding upon it as a corporation and that the contract, even if made, was ultra vires. The answer to both these contentions is the corporation accepted the benefit of the transaction and thereby ratified or adopted the acts of its representatives and, consequently, is estopped from setting up a defense that the contract was entered into without authority, or that it was beyond the power of the corporation to make." See also Mundorff v. Wickersham, 63 Pa. 87.

We have examined the record relating to the admission and the rejection of certain testimony covered by the defendant's assignments of error, but find no fault in the trial judge's rulings or his ultimate findings.

Judgment of the lower court is affirmed.