## Benjamin *versus* Zell.

1. An interest in contingent profits, arising from a sale of real estate, to be made thereafter, does not amount to an interest in the land itself, within the meaning of the Statute of Frauds.

2. A. and B. entered into an agreement with C., to purchase from him a tract of land for a given price. Subsequently, D. agreed verbally with A. and B., that if they would procure a conveyance of the land to him from C., he would pay the whole purchase money, and in case of a resale, give them a portion of the profits. A. and B. procured the conveyance from C. to D., the latter paying the purchase money. Subsequently, D. resold at a profit. In an action by A. and B., against D., to recover their portion of such profit, under the parol agreement with D.,—*Held*, that the Statute of Frauds had no application, and that plaintiffs were entitled to recover.

3. In the above case it appeared that D. took part of the purchase money, on the resale, in promissory notes, which he accepted as cash. These notes had not matured when suit was brought, but subsequently they were, on maturity, all paid. D. did not at any time object to plaintiff's demand as premature, nor aver that he had not received the money on the resale. He defended entirely on the ground, that he had

4 OUTERBRIDGE—3

not entered into the alleged parol agreement—*Held,* that it could not be claimed that the suit was prematurely brought.

February 28th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Berks county :* Of January Term 1882, No. 181.

Assumpsit, by Thomas Zell and Benjamin L. Eshelman against Hiram D. Benjamin, to recover a portion of the profits realized by the defendant upon the sale of a certain farm. Plea, non-assumpsit, with leave, &c.

Upon the trial, before HAGENMAN, P. J., the following facts appeared :—In the summer of 1867 the plaintiffs entered into a written agreement with one John Hahn, whereby they obtained the refusal, for sixty days, of the right to purchase a tract of land belonging to said Hahn, at $300 per acre, or about $18,000 for the tract. The plaintiffs testified that the defendant Hiram D. Benjamin agreed with them, verbally, that if they would get Hahn to convey the tract to him for $18,000, he would pay all the purchase-money, and in case of a re-sale at a profit, he would give them one-third (or according to other testimony, one-fourth) of the profits so realized ; that the defendant should have the sole discretion when and upon what terms to sell, and that, in the meantime, the defendant would "carry" the plaintiffs' one-third ; that in pursuance of this agreement the plaintiffs procured said Hahn to convey the said tract to the defendant, by deed dated April 1st 1868 ; and that the defendant had since resold the tract for $25,200. The defendant's version of the transaction was that the plaintiffs were to have one-third the profits, provided they paid one-third the purchase-money on April 1st 1868, which they then and since failed to do.

The plaintiffs presented the following points :—

1. If the jury believe that the defendant, Hiram D. Benjamin, contracted with Thomas Zell and Benjamin L. Eshelman that if they would be the means of his getting the Hahn farm at $18,000, he would pay the purchase-money and they should have a share of the profits, if any, made by a resale of the said farm, and that the said Zell and Eshelman were the means by which said Benjamin obtained the said farm at the price agreed upon, and that Benjamin subsequently sold the farm at a profit, the plaintiffs are entitled to recover such proportion of the profits as the jury may find that Benjamin agreed to pay them.

2. If the jury believe the evidence of the plaintiff that the defendant, Benjamin, agreed to furnish all the purchase-money of the farm in consideration of Zell and Eshelman procuring the

[Benjamin v. Zell.]

property for him, and to divide the proceeds of a resale with them, after deducting the amount of purchase-money, they to receive one-third of such proceeds, he is not entitled to be allowed interest on his investment, and the plaintiffs are entitled to recover the one-third of the proceeds, less the $18,000, with interest from the 18th day of December 1870—date of sale by Benjamin and Spangler to Bruckman.

*Answer.* If the jury finds the facts as contained in these points, they are affirmed.

The defendants presented the following points:—

1. That as the evidence discloses that the plaintiffs had a written contract with Hahn whereby they had the option to purchase the farm within a fixed time, at the sum of $18,000, the plaintiffs had thereby acquired an equitable interest in lands, and the alleged agreement of the transfer of this interest to Benjamin, and Benjamin's agreement with them, not being in writing, are within the statute of frauds and perjuries, and the plaintiff cannot recover the one-third or one-fourth of the profits realized on a resale. "*Reserved.*"

2. That if the action is to be regarded as a suit for damages, for the breach of a parol contract relating to land, then the measure of damages would simply be compensation for the money, and expenditures and expenses incurred on the faith of the bargain, and not damages for the loss of their bargain, and as there is no evidence in the case of any expenditures and expenses occurred, the verdict in this view could only be for nominal damages. *Declined.*

3. That the declaration in this case is not drawn so as to enable the plaintiffs to recover damages for a breach of a parol contract, and therefore the verdict must be for the defendant. *Declined.*

4. That as the evidence clearly shows, that at the time the suit was brought, Benjamin had not received the purchase-money, but had only taken notes from the purchasers, which were not due and payable, and were not paid until after the suit was brought, and the balance remaining unpaid was greater in amount than the profits claimed by plaintiffs, there can be no recovery, and the verdict must be for the defendant. "*Reserved.*"

Verdict for the plaintiffs, for $2.325. The plaintiffs took a rule for a new trial, which the court discharged, HAGENMAN, P. J., filing an opinion in which he considered the questions on the points reserved, and judgment was thereupon entered for the plaintiff on the verdict.

The defendant took this writ of error, assigning for error the answers to plaintiffs' and defendants' points, as above, and the entry of judgment on the reserved points.

[Benjamin v. Zell.]

*Geo. F. Baer* (*Jeff. Snyder* with him), for the plaintiff in error.—The written agreement between Hahn and the plaintiffs below gave the latter an interest in the land, and their verbal agreement to transfer that interest or a portion of it to the defendant is within the statute of frauds, and will not support this action : Carson v. Mulvany, 13 Wr. 88 ; Smith's Appeal, 19 P. F. S. 474; Goucher v. Martin, 9 Watts 106 ; Meason v. Kaine, 13 P. F. S. 337. Neither party could have enforced specific performance of that verbal contract, and it is a palpable evasion of the statute to say that the plaintiff can, after a sale of the land, sue on the same verbal contract, to recover a portion of the proceeds of such sale.' Mere conversion of land into money cannot give a right where none existed before. The contract relates back to the time it was made, and the character of the property then determines the rights of the parties : Gangwer v. Fry, 5 Harris 491 ; Meason v. Kaine, 13 P. F. S. 337 ; Payne v. Patterson, 1 W. N. C. 75 ; McCormick's Appeal, 7 P. F. S. 58. Moreover, the suit was prematurely brought. The evidence showed that the defendant received notes, not cash, for his purchase-money on the resale, and these notes, or some of them, had not been paid at the time this suit was brought. He could not be compelled to discount the notes.

*H. Willis Bland* (with him *S. L. Young*), for the defendants in error.—The suit was for an interest in profits, not in land, hence the statute of frauds does not apply. An interest in the profits arising out of the sale of a thing does not give an interest in the thing itself : Smith v. Watson, 2 B. & C. 401. While there is no case in Pennsylvania similar to this, there are authorities in other states where this distinction has been recognized : Bunnel v. Taintor, 4 Conn. 569 ; Trowbridge v. Wetherbee, 11 Allen 361 ; Bruce v. Hastings, 41 Vt. 380 ; Hess v. Fox, 10 Wend. 436 ; Linscott v. McIntire, 15 Me. 201.

Mr. Justice MERCUR delivered the opinion of the court, October 2d 1882.

The statute of frauds is no bar to a recovery under the facts found by the jury. The verdict has settled the conflicting evidence, and taken the case out of the statute. It has established as a fact that the recovery is not for land purchased of the defendants in error ; but for profits made by the plaintiff in error on lands he purchased of one Hahn, through the aid and assistance of the defendants in error. The claim is not for consideration money which he agreed to pay for title which he acquired to the land ; but for profits which he afterwards acquired by a sale thereof. The obligation to pay the claim in contention in no manner affected the title which he acquired

[Benjamin v. Zell.]

and held.   It was wholly contingent on his selling the land for a sum larger than he paid therefor.   Then only was he to pay the defendants in error for their services.   Their claim is on a contract for services.   His liability originating in the contract became fixed and determined on his sale at a profit. An interest in contingent profits arising from a sale to be thereafter made, does not give an interest in the land itself: Smith v. Watson, 2 Barn. & Cress. 401.   These facts relieve the case from the operation of the statute of frauds: Hess v. Fox, 10 Wend. 436 ; Bruce v. Hastings, 41 Vt. 380 ; Trowbridge v. Wetherbee, 11 Allen 361.   The cases cited by the plaintiff in error are not applicable to the facts found in this case.   It is not necessary to review them.

It is further objected that this suit was prematurely brought, inasmuch as the plaintiff in error took promissory notes for the consideration money, and they were not paid when the suit was commenced.   When asked to settle, after he sold, and before suit brought, he made no such objection.   Neither then nor on the first trial of the case does it appear that his refusal was put on the ground that he had not actually received all the money. The whole defence appears to have been a denial of the agreement alleged by the defendants in error, and now found by the jury.   His receipt at the foot of the deed which he had executed, admitted the receipt of the consideration money.   He took the promissory notes as money.   They were put in bank and all paid at maturity.   He made no offer to turn over any of the notes, nor any request for defendants in error to wait until they were all paid.   If he had not sold the notes, which does not clearly appear, he was willing to hold them as money. For many purposes, negotiable notes given in satisfaction of a debt, may be considered as money.   They will support a count for money paid : Morrison v. Berkey, 7 S. & R. 246 ; and for money expended to the defendant's use : Craig v. Craig, 5 Rawle 91.   So, when goods are sold on credit, the vendee to give his note, and after the goods are delivered refuses so to do, an action may be maintained for a breach of the contract before the expiration of the credit, and the price of the goods is the measure of damages :   Girard v. Taggart, 5 S. & R. 19 ; Rinehart v. Olwine, 5 W. & S. 157.   A denial of the contract in toto, is a violation of every part thereof.   We discover no error in the charge of the court, nor in the entry of judgment on the verdict.

Judgment affirmed.