## Howell *v.* Kelly, Appellant.

*Statute of frauds—Options on land—Parol partnership—Profits—Assumpsit.*

Profits realized in a single transaction of procuring options for coal lands and reselling them at a profit, under a parol agreement of partnership, can be recovered in assumpsit by one partner against the other. The statute of frauds has no application.

Argued May 12, 1892. Appeal, No. 456, Jan. T., 1892, by defendant, Theodore F. Kelly, from judgment of C. P. Fayette Co., June T., 1890, No. 399, on verdict for plaintiff, George D. Howell. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover share of contingent profits arising from sale of land.

On the trial before INGHRAM, P. J., it appeared that plaintiff and defendant, in 1883, entered by parol into a partnership to procure options on and sell as one tract coal lands in Redstone township, including land owned by the defendant. The options first taken expired and other options were subsequently taken. The options were taken in plaintiff's name until December, 1889, when they were taken in defendant's name, in plaintiff's absence, and a sale made. Defendant contended that the partnership had expired before the options taken and sale made by him. This was denied by plaintiff, and was the principal question submitted to the jury. The verdict was for the plaintiff in the sum of $4,221.97.

Defendant's 1st, 7th and 8th points, refused, were as follows:

"1st. That the claim of the plaintiff embraces entirely transactions in the purchase and sale of lands or coal property, and being founded on an agreement in parol is contrary to the statute of frauds, and without an acknowledgment or admissions and declarations made by the defendant after the sale was concluded and money paid to him, recognizing the plaintiff's interest in the same, there can be no recovery." [1]

"7th. That under all the evidence in the case the plaintiff is not entitled to recover." [6]

"8th. That the evidence showing that the partnership set up in this case by the plaintiff extended through a number of years, including many transactions and many renewals of options and much work and expense relative to the same, that the plaintiff cannot recover in this form of action." [7]

*Errors assigned* were, among others, (1, 6, 7,) the refusal of defendant's 1st, 7th and 8th points, quoting points and answers.

*W. F. Guiler*, with him *W. H. Playford*, for appellant.—Since the act of 1856, a trust in lands can be proven in no other way than by writing, Barnet v. Dougherty, 32 Pa. 371, except in the case of a resulting trust raised from fraud in obtaining the title, or from payment of the purchase money: Bickel's Ap., 86 Pa. 204; Brickell v. Earley, 115 Pa. 473; Kellum v. Smith, 33 Pa. 158. In the present case, no question of fraud is raised, nor was any part of the purchase money paid by the plaintiffs.

If the agreement of 1883 was in force when defendant took up the coal lands in his own name, his refusal to recognize plaintiff's interest was simply a breach of an unexecuted parol contract to buy and sell land, for which the remedy would be an action for damages; and the measure of damages, the money paid or the expenses incurred on the faith of the contract: Meason v. Kaine, 63 Pa. 335; Sands, Herdic & Co. v. Arthur, 84 Pa. 479; McCafferty v. Griswold, 99 Pa. 270.

In Everhart's Ap., 106 Pa. 349, it was held that where a partnership is formed for the purpose of buying and selling lands, the interest of one of the partners in the lands cannot be established by parol, when the other sets up the statute of frauds.

Plaintiff should have brought a bill in equity or action of account render: Leidy v. Messinger, 71 Pa. 177 ; Crow v. Green, 111 Pa. 637.

*R. H. Lindsey,* with him *A. D. Boyd* and *S. L. Mestrezat,* for appellee.—The plaintiff is suing for an interest in contingent profits arising from a sale of land, and the statute of frauds has no operation: Everhart's Ap., 106 Pa. 349; Benjamin v. Zell, 100 Pa. 33 ; Hess' Ap., 112 Pa. 168; Maffitt's Admr. v. Rynd, 69 Pa. 380.

Our case is not ruled by Measpn v. Kaine, 63 Pa. 335, for in that case Kaine had taken title and afterwards sought, on a parol agreement only, to compel Meason to contribute one third of the purchase money and take title to an undivided third of the land. In our case, the plaintiff and defendant only took options. Our suit is not for land directly or indirectly, but for a division of profits actually received.

There was but a single transaction, and assumpsit is the proper form of action: Jackson v. Emmens, 119 Pa. 356 ; Kutz v. Dreibelbis, 126 Pa. 335; Cleveland v. Farrar, 4 Brews. 27.

Per Curiam, May 23, 1892:

We are of opinion that the statute of frauds has no application to this case. The plaintiff and the defendant were partners, engaged in the single transaction of procuring options for coal lands, and reselling them at a profit. The profits were to be divided between them. It was held in Benjamin v. Zell, 100 Pa. 33, that an interest in contingent profits, arising from a sale of real estate, to be made thereafter, does not amount to an interest in the land itself, within the meaning of the statute of frauds. It would be a novel doctrine to hold that a partnership agreement must be in writing because the subject-matter of the partnership was dealing in real estate. The plaintiff brought this action to recover his share in the partnership profits of a single transaction, and the only question of importance in the case was, whether the partnership had expired prior to the transaction in question. This was a question of fact which was properly submitted to the jury, and their verdict ends the case.

Judgment affirmed.