## George L. Moore et al., Executors, *v.* Samuel A. Wood et al., Appellants.

*Partnership—Partnership real estate.*

Where a partnership agreement provides that each partner shall contribute an equal amount for the purchase of real estate, and one of the partners contributes real estate which he owns as his share, and the remaining real estate needed by the firm is purchased out of partnership funds, all of the real estate, as between the members of the firm and those who deal with them with knowledge of the facts, is personal estate, and the real estate contributed by the partner cannot be sold under a judgment against him personally for an individual debt.

Argued May 14, 1895. Appeal, No. 60, Jan. T., 1895, by defendants, from decree of C. P. Fayette Co., No. 175, in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill in equity for an account.

The case was referred to Thomas R. Wakefield as master, from whose report it appeared that on May 15, 1871, Elisha P. Gibbons, Samuel A. Wood and James A. Cromlow, entered into articles of copartnership for the purpose of carrying on the sawmill and planing mill business in Bridgeport borough. At the time of the formation of the partnership Samuel A. Wood owned a one third interest in lots Nos. 11 and 12, in the plan of the borough of Bridgeport. The articles provided, inter alia, as follows: "Each partner is to invest an equal amount of funds in the purchase of the ground, and the erection of the

mill." S. A. Wood contributed his one third interest in lots Nos. 11 and 12, without any special writing, and the funds of the firm were used in purchasing the adjoining lots Nos. 108 and 111. The firm used the four lots during the continuance of the partnership. The business was continued until June 20, 1885, when it was dissolved by an agreement in writing by which it was stipulated that Gibbons should take possession of the entire real and personal property of the firm, and pay off the partnership indebtedness " to the amount of thirteen thousand dollars, provided they reach that sum. If the debts of the Co. exceed thirteen thousand dollars, then said E. P. Gibbons pay one-third of all excess over thirteen thousand of indebtedness and said Samuel A. Wood and James A. Cromlow the other two-thirds of such excess, and if said E. P. Gibbons can realize more out of the entire property by judicious management than thirteen thousand dollars, and the indebtedness of the Co. is more than that sum, then he is to apply it to the payment of the debts of the Co. If there is anything remaining after all indebtedness of the Co. is paid, and his own expenses for settling the business of the Co., such proceeds is to be divided equally between the three partners." Gibbons in his lifetime, and his executors after his death, paid off debts of the firm amounting to $18,427.52.

On November 27, 1885, Samuel A. Wood confessed a judgment to his three sons, Thomas A. Wood, L. M. Wood, and C. B. Wood, and on October 10, 1890, the sheriff made return that he had sold under this judgment Samuel A. Wood's interest in lots Nos. 11, 12, 108, and 111 to the plaintiffs, Thomas S. Wood, L. M. Wood and C. B. Wood. The master reported as a fact that before Thomas S. Wood, L. M. Wood and C. B. Wood obtained the judgment upon which the above writ was issued the said plaintiffs "had notice of the dissolution of the firm of Gibbons, Wood & Cromlow, and that the lots aforesaid had been turned over to the liquidating partner as assets for the payment of the firm's debts, and that these lots had been used and treated as partnership property. They had this notice more than four months before the note was given, more than nine months before they obtained the judgment, and nearly five years before they issued execution and sold the interest as aforesaid."

The bill in the case was filed for the purpose of obtaining a decree to sell the real estate of Samuel A. Wood sold as above to defendants, and apply the proceeds thereof to the reimbursement of the estate of Elisha P. Gibbons for payments made on account of the firm.

The master recommended a decree in accordance with the prayer of the bill.

Exceptions to the master's report were overruled in an opinion by Ewing, P. J., and a decree entered directing the sale of the real estate.

*Error assigned* was decree of court.

*Edward Campbell, Cooper & Van Swearingen* with him, for appellants.—All the circumstances of this case put together cannot avail to divest the title of Samuel A. Wood and vest it in Mr. Gibbons: McDermot v. Lawrence, 7 S. & R. 438; Hale v. Henrie, 2 Watts, 143; Lancaster Bank v. Myley, 13 Pa. 543; Ridgeway, Budd & Co.'s App., 15 Pa. 177; McCormick's App., 57 Pa. 54; Lefever's App., 69 Pa. 122; Titusville Nat. Bank's App., 83 Pa. 203; Holt's App., 98 Pa. 257; Shafer's App., 106 Pa. 49; Warriner v. Mitchell, 128 Pa. 153; Collner v. Greig, 137 Pa. 606; Gunnison v. Loan Company, 157 Pa. 303; Dunham v. Loverock, 158 Pa. 197; Bank v. Osborne, 159 Pa. 10; Harris v. Rosenburg, 161 Pa. 367; Wahl v. P. & W. R. R., 158 Pa. 257.

*W. G. Guiler*, for appellees.—Where real estate is brought into a concern as stock it is, as between partners and the persons who have knowingly dealt with one of them, to be treated as personal estate belonging not to the partners individually but to the company collectively: Colner v. Greig, 137 Pa. 606; Kepler v. Erie Dime Saving & Loan Co., 101 Pa. 603.

A finding of the master approved by the court below is conclusive: Beddell's App., 87 Pa. 510; Roddy's App., 99 Pa. 10; Logue's App., 104 Pa. 136; Stocker v. Hutter, 134 Pa. 19; Brotherton Bros. v. Reynolds, 164 Pa. 134; Citizens' Pass. Ry. v. East Harrisburg Pass. Ry., 164 Pa. 274.

Opinion by Mr. Chief Justice Sterrett, October 7, 1895:
The first and second specifications respectively allege error,

(1st) in confirming the amended report of the master and directing a decree in accordance with the opinion of the court filed September 15, 1894, and (2d) in entering, pursuant thereto, the decree of September 18, 1895, recited in said specification.

This decree is based on said amended report; and, assuming the latter to be substantially correct, the decree was fully warranted by the findings of fact and conclusions of law therein stated. The second specification is therefore groundless, unless there was substantial error in confirming the master's amended report. In view of its controlling effect, we have given the question thus presented a careful consideration.

The confirmation of that report involved the consideration of thirty-seven exceptions,—filed thereto by appellants,—all of which were overruled by the court. Waiving the informality of virtually embracing so many questions in one specification of error, we have considered said exceptions in connection with the amended report, bill, answer and proofs upon which the report is based, and are fully satisfied there was no error in dismissing the exceptions and confirming said report. We find nothing in either of said exceptions that requires further notice than has been taken of them by the master and the learned court below. Such of them as are material to the issue are either not well founded, or contrary to clearly established facts in the case. Some of the most material facts are admitted by the pleadings.

As was well said by the learned president of the common pleas, the only practical question of much importance in the case is what interest, if any, did the appellants, Louis M., Charles B. and Thomas S. Wood, acquire in the real estate, in question, by virtue of the sheriff's sale to them on their judgment against Samuel A. Wood. In view of the specific facts rightly found by the learned master, he correctly concluded that as between the partners themselves the lots in question were partnership property from the time the formation of the partnership was consummated and its business put in full operation, and consequently as between themselves and those who dealt with them, with knowledge of the facts, the lots were personal estate: Collner v. Greig et al., 137 Pa. 606.

There is nothing in either of the four specifications that

requires further notice.    Neither of them is sustained, and the record discloses no sufficient reason for reversal or modification of the decree.

Decree affirmed and appeal dismissed, with costs to be paid by the appellants.