## Fuegel's Estate.

*Decedents' estates—Claims against—Admissions.*

1. A claim that M., the decedent, received a conveyance of real estate from her mother, who predeceased her, upon an oral promise that when she sold the property she would give half the proceeds to her sister, is sufficiently established by M.'s admissions that she had made such a promise, although there was no testimony which brought M. and her mother together at an interview at which M. made the promise.

2. The conveyance was the consideration for the promise.

3. As the trust related to the proceeds of the real estate and not to the real estate itself, the statute of frauds did not apply.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1925, No. 3625.

The facts appear from the following extract from the adjudication of the Auditing Judge (THOMPSON, J.):

After stating in substance that the mother of decedent and claimant was a chronic invalid who required the attention of her two unmarried daughters who lived with her, and that Annie, the claimant, alleged that the real estate had been conveyed to Mary, the decedent, by their mother upon Mary's oral promise to sell it and give one-half the proceeds to claimant, that Mary had sold the property, but died without giving her the one-half of the proceeds as she had promised, he thus sums up the testimony:

"The testimony in support of the claim I summarize as follows: Mrs. Donahue, a sister of both claimant and decedent, testified positively that at the time her mother conveyed the property in question to the decedent on May 5, 1913, it was conveyed with the positive agreement and understanding that if Annie continued to live with and care for her mother as long as the mother lived, Mary was to sell the property and divide the proceeds with Annie; that this arrangement and understanding was known to all the brothers and sisters of claimant and decedent; that, after the mother's death in 1915, Annie and Mary became estranged because Mary would not sell the property and divide the proceeds. The refusal by Mary to so do was not because she controverted the circumstances under which she received the title, but because she thought a better price could be obtained by holding on. Mrs. Donahue also testified to admissions made by Mary of the truth of the claim of Annie now made, both before and after the sale of the property in March, 1924; that shortly before the settlement for the same Mary sought information of the witnesses as to where Annie could be located, so that Annie could be notified to be present at the settlement.

"Jennie Boyle, a first cousin of claimant and decedent, testified that in November, 1924, which was after the property had been sold and settled for and Mary had received the consideration money, Mary admitted to her that

she was going to give Annie $2000 out of the proceeds, which was more than Annie would have received if Mary had sold the same after her mother died, and that the circumstances under which Mary held title to the property in question was a matter of family knowledge, and that the cause of the estrangement of the claimant and decedent was due to the fact that claimant was not getting her share of the proceeds of the sale.

"Mary Boyle, an aunt of both claimant and decedent, testified that decedent visited her about October, 1924, and stated that she had sold the house on Allegheny Avenue and got a good price for the same, and was going to give her sister, Annie, $2000 out of it.

"Stephen A. Brady, a brother of claimant and decedent, testified that he knew of the circumstances under which his mother conveyed the property to Mary to be as above claimed; that he had conversations with Mary and Annie about the same, and Mary never denied it; and, further, that Mary admitted to him many times that Annie was to get half of the proceeds of the property.

"The above were all the witnesses called on behalf of the claimant. No witnesses were offered on behalf of the decedent, and the testimony of the claimant is, in my judgment, sufficient to establish Annie's claim to one-half of the proceeds of the sale of the property in question. It should be noted that claimant is not attempting to impress a trust of any kind upon title to real estate. She never made a claim for any interest in the real estate in question. Her claim has always been consistent with the theory that she never had any interest in the real estate, but only in one-half of the proceeds when the same was sold. While the testimony is meagre in detail as to Mary's admissions that she held the property for sale after her mother's death and division of the proceeds with Annie, yet her repeated admissions, both before and after the sale, that Annie had an interest in the proceeds thereof conform, in my judgment, not only to the probabilities, but tend to strongly confirm the testimony of the claimant's witnesses.

"That a trust in personal property can be proven by parol is shown in the case of McBride, Admin'x, v. Western Pennsylvania Paper Co., 263 Pa. 345.

"The claim of Annie Coates in the sum of $4665.03, with interest from March 20, 1924, is, therefore, allowed."

*Harvey Gourley*, for exceptions; *Francis A. McCarron*, contra.

VAN DUSEN, J., April 9, 1926.—The Auditing Judge has found that the decedent, Mary M. Fuegel, received a conveyance of real estate from her mother, who is now also dead, upon an oral promise that when she sold the property she would give half of the proceeds to her sister Annie. The sale took place, and the claim for half of the proceeds has been allowed. The exceptions complain that these findings go beyond the evidence. We have, therefore, read the testimony with particular care, and do not find the complaint well founded.

It is true that there is no testimony which brings Mary and her mother together in any interview in which Mary makes the promise to her mother. The evidence is entirely as to Mary's admissions. But at or about the time when she received the conveyance she admitted she had made such a promise to her mother. This is corroborated by subsequent admissions as to Annie's interest, of unusually full and varied character, going down to a time after the sale of the property. The conveyance was the consideration for this promise, and what is quoted by the exceptant from McCloskey v. McCloskey, 205 Pa. 491, as to the ineffectiveness of a bare subsequent admission without any consideration does not apply to the present case.

Fuegel's Estate.

The statute of frauds does not apply to this case because the trust relates to the proceeds of the real estate and not to the real estate itself: McBride, Administratrix, *v.* Western Pennsylvania Paper Co., 263 Pa. 345.

The trust was not to be performed until Mary sold the property. Annie could take no action until that event occurred, and, hence, her claim is not barred by the statute of limitations. The exceptions are dismissed.

LAMORELLE, P. J., did not sit.