Smith *v.* Brown, Appellant.

Argued September 25, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Raymond E. Brown,* with him *Jack & Jack,* for appellant.—The gas lease was not a partnership asset: Beaver v. Slane, 271 Pa. 317.

The lease to Brown was in legal effect the sale of a portion of the land: Marshall v. Mellon, 179 Pa. 371, 375; Sloughton's App., 88 Pa. 198; Blakeley v. Marshall, 174 Pa. 425.

In order to raise a resulting trust as to the gas business in favor of plaintiff, it must be shown that there was actual fraud against plaintiff on part of defendant in obtaining title, or from the payment of purchase money by plaintiff at the time defendant acquired title:

Jourdan v. Andrews, 258 Pa. 347; Musselman v. Myers, 240 Pa. 5.

The evidence in support of such a trust as is sought to be established in this case must be clear, precise and convincing: Martin v. Baird, 175 Pa. 540; Modern Baking Co. v. Orringer, 271 Pa. 152.

A parol agreement between plaintiff and defendant that the gas lease was to be secured for the benefit of the partnership, made prior to the formation of a partnership, in the gas business, would have been ineffectual to pass any title in law or equity: McCormick's App., 57 Pa. 54.

*Charles J. Margiotti,* with him *W. M. Gillespie* and *S. C. Pugliese,* for appellee.—A parol grant accompanied by possession, or payment of purchase money, or making of improvements, or other expenditure of money on faith of contract, takes case out of statute of frauds: Ballard v. Ward, 89 Pa. 358; Eberly v. Lehman, 100 Pa. 542.

The case is ruled by Shafer's App., 106 Pa. 49.

Even if the acting partner takes the title in his own name, and, having kept his own funds separately, pays for it with his own money, his relation to the partnership and the property will prevent him from appropriating to himself the entire advantage of the bargain. The law will treat him as a trustee.

OPINION BY MR. JUSTICE WALLING, November 26, 1928:

This action in equity is to compel an accounting between partners, in which the defendant has appealed from a decree directing him to file an account. The parties hereto, residents of Punxsutawney, Jefferson County, entered into a partnership in the spring of 1922, which continued until July 1, 1926, when dissolved by mutual consent. That there was a partnership is admitted; the vital question is as to what it embraced. D. E. Brown, the defendant, contends that it extended only to the coal brokerage business and to a lumber busi-

ness; while W. F. Smith, the plaintiff, contends it also extended to some coal mining business and especially embraced an oil and gas operation in Indiana County. The last named was the nub of the case, as to which the evidence was very conflicting. On November 15, 1924, while the coal brokerage partnership business was in full operation, the defendant obtained from Dr. J. W. Morrow a written lease giving him the oil and gas rights in a tract of three hundred and nine acres situate in North Mahoning Township, on a royalty basis. While the lease was in defendant's name, plaintiff insists and the trial court has found that it was in fact a part of the partnership business. This finding of fact, supported by the weight of the evidence, direct and circumstantial, cannot be disturbed. In an equity case the trial court's findings of facts, on conflicting evidence, are as conclusive as the verdict of a jury: Garr et al. v. Fuls et al., 286 Pa. 137; Houghton et al. v. Kendrick et al., 285 Pa. 223; Grace et ux. v. Moll, 285 Pa. 353; Beaver v. Slane, 271 Pa. 317.

Assuming, as has been found, that the oil and gas lease was a part of the partnership business, it would inure to the benefit of the firm, although taken in the name of one partner. In the instant case plaintiff did not consent to the taking of the lease in defendant's name or know it had been so taken until about the beginning of this suit. The expressed intention of the lease was the production of oil or gas or both through the drilling of wells. These were to be financed by the issuance of thirty-two shares of stock of the assumed value of $450 each, for each well, in a company called "The Mudlick Oil & Gas Company"; of which, sixteen shares were to pay for drilling the wells, four shares to go to Dr. Morrow, as his royalty, and the remaining twelve shares were to be equally divided between the plaintiff and defendant. The first well produced gas in paying quantities; the second was a dry hole and for the drilling thereof the partnership, as the trial court has found,

paid a shortage of $723.50; the third and fourth wells are productive and the fifth was being drilled at the time this case was heard.

The defendant received the income from these wells but declines to share the same with plaintiff, denying that this lease was embraced in the partnership and contending that if it were the contract relating thereto between plaintiff and defendant, being oral, it is not enforceable because of the statute of frauds. It must be conceded that coal oil and natural gas, while in the ground, are a part of the real estate (see Marshall v. Mellor et al., 179 Pa. 371; Blakeley et al. v. Marshall, 174 Pa. 425; Appeal of Stoughton et al., 88 Pa. 198). So far the contention is sound. Where a partner, however, has possessed himself of firm property, equity, regarding him as its trustee, will compel him to account, and that the property, although real estate, is so held, may be shown by parol: Ihmsen v. Huston, 247 Pa. 402. In the case just cited, Mr. Justice ELKIN, speaking for the court (p. 408), says: "We also agree that as between partners themselves or their heirs and personal representatives, where the rights of creditors are not involved, real estate may be shown by parol to be partnership property, notwithstanding the title be in one of them only, or in them all as tenants in common." In Cundey v. Hall, 208 Pa. 335, 341, Mr. Justice MESTREZAT, expressing the opinion of the court, says: "It is unquestionably true that as between partners themselves real estate purchased with partnership funds and for partnership purposes is partnership property and it may be shown to be such, notwithstanding the deed was made to the individuals composing the firm as tenants in common. But that rule cannot be invoked here to defeat the claims made on this fund by the lien creditors of John H. Hall." And in Warriner v. Mitchell, 128 Pa. 153, 161, Mr. Justice GREEN, speaking for the court, after stating that as to purchasers and lien creditors real estate retains its character as shown by the record, says: "But it is just as

true that, as between the partners themselves, land which is treated as partnership property, especially if it be purchased and paid for with partnership money, is regarded as partnership property only, although the title be taken in the name of the partners individually. It is largely a question of intention; that intention may be shown by parol; it may be manifested in the acts and declarations of the parties"; citing authorities. And see Meason v. Kaine, 63 Pa. 335; also Floyd v. Duffy, 33 L. R. A. (N. S.) 883 and note. This rule applies only between partners; as to bona fide purchasers or lien creditors, it is otherwise, as above stated. See Stover v. Stover, 180 Pa. 425; Gunnison v. Loan Co., 157 Pa. 303; Lefevere's App., 69 Pa. 122; Coder v. Huling, 27 Pa. 84. A partner, who takes a lease in his own name, of property rented for partnership purposes, holds it as trustee for the firm; and the same is true where he takes title to property bought for a like purpose: Lacy v. Hall et al., 37 Pa. 360, 365; and see Abbott's App., 50 Pa. 234. What plaintiff seeks to recover in the instant case is his share of the profits realized from the oil and gas transaction; this he may do although the partnership agreement relating thereto was in parol: Howell v. Kelly, 149 Pa. 473; see also McBride, Admx., v. W. Pa. Paper Co., 263 Pa. 345, 349. In Davis v. Hillman, 288 Pa. 16, where we held the statute of frauds barred a recovery, the absence of a partnership was a controlling circumstance.

Furthermore, real estate procured for and used in the business of the firm, as in the instant case, is, as between the partners, treated as personalty: Creise et al. v. Cartledge, 262 Pa. 55, 60; Moore et al. v. Wood et al., 171 Pa. 365, 368; West Hickory Mining Assn. v. Reed, 80 Pa. 38, 50. See also Hayes et al. v. Treat et al., 178 Pa. 310; Collner v. Greig, 137 Pa. 606; Shafer's App., 106 Pa. 49.

It will be time to consider the effect of the clause in the lease restraining the lessee from transferring the

leasehold estate, without the written consent of Dr. Morrow, the lessor, when he raises that question; the defendant cannot set it up to defeat plaintiff's demand in this case.

Under the facts as found, there was no error in the decree that the oil and gas lease be treated as firm property and that each partner be required to account to the firm for such of its business as came under his control.

The decree is affirmed, the appeal is dismissed, at the cost of appellant, and the record is remitted with a procedendo.