Aronsky, Appellant, *v.* Byron Silk Mills, Inc.

Argued December 10, 1929.

552

Before
Porter, P. J., Trexler, Linn, Gawthrop, Cunningham
and Baldrige, JJ.

*Herbert J. Hartzog*, and with him *J. Cullen Ganey*,
for appellant.

*H. S. Welty*, of *Butz, Rupp & Welty*, for appellee.

Opinion by Trexler, J., January 29, 1930:

A receiver was appointed for the Byron Silk Mills,
Inc. The Salisbury Realty Company, the appellant,
presented a claim, at the audit of the receiver's ac-
count, for $1,925 for rent. The court allowed $835.
The original lease was made March 1, 1925, for three
years with the Manhattan Silk Company. The Byron
Silk Mills, Inc., took over the property in April, 1927.
There was no assignment of the lease to it, but there
was a verbal understanding as to the amount to be
paid and recognition of the existing lease.

At or about the time of expiration of the lease,
March 1, 1928, the lessor presented a written lease to
the Byron Silk Mills, Inc., which the latter refused to
execute. A little later, Aronsky, who was treasurer of
the silk company, entered into a verbal agreement with
Mill, secretary and treasurer of the Salisbury Realty
Company, to rent the building at a rental of $275 per
month and gave his check for that amount for the

month of March, 1928. This check was accepted and passed through the books of the company. Several weeks afterwards the receiver for the Byron Silk Mills was appointed; he took possession of the building temporarily until the sale of the machinery and equipment was had. The landlord claims rent at the rate of $550 per month which was the sum fixed under the old lease. The court allowed $275, recognizing the new arrangement.

The judge sitting as chancellor, having so decided, the question is, whether there was evidence to sustain his conclusion. He found that authority to contract was presumably conferred on Mill, or that his act if not preceded by authorization, was confirmed by acceptance of the rent at the reduced figure. The Salisbury Realty Company accepted the benefit of the agent's act and had the opportunity to repudiate it if it was unauthorized: Scouton v. Stony Brook Lumber Co., 261 Pa. 241.

Apart from the question of Mill's authority to contract, there remains the question as to what was included in the verbal arrangement between Aronsky and Mill. The latter testified that the arrangement was temporary, merely affording time for the removal of the machinery and equipment, that Aronsky desired but *one* floor, that he was willing that he should have that if he paid $275 a month until the machinery was removed. Aronsky's statement agrees with this in some respects. The whole building was not occupied and some of the machinery had already been removed. The rent was to be $275. He occupied the second floor where the machinery still remaining stood and the office on the first floor. Aronsky was to have the *entire* building, though he only required part, at $275 per month until such time as he could sub-let the remainder of it when the old rent would be restored.

It was for the chancellor to decide which was the

correct statement of conversation and he adopted Aronsky's version. When the receiver entered the building, he therefore, did not take the place of the silk mill company under the old lease, but continued temporarily in the same relation and under the same obligation as to rent as Aronsky did. The old lease had been modified or a new lease made. Which ever view is taken, the result is the same.

The order of the lower court is affirmed, the appellant to pay the costs.