David I. Grunfeld, Parker & Rutstein, Philadelphia, Pa., for interim trustee/plaintiff, Samuel M. Brodsky.

Stephen T. Burdumy, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for defendant, Howard R. Schnepper and Schnepper Pickle Corp.

Samuel M. Brodsky, Philadelphia, Pa., interim trustee.

**In re Richard GROSS t/a B. Gross Pickling Co. and/or B. Gross Company sometimes known as B. Gross Pickling Company, Debtor.**

**Samuel M. BRODSKY, Interim Trustee, Plaintiff,**

**v.**

**Howard R. SCHNEPPER and Schnepper Pickle Corporation, Defendants.**

Bankruptcy No. 82–01727G.
Adv. No. 83–1910G.

United States Bankruptcy Court,
E.D. Pennsylvania.

July 31, 1985.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

On the trustee's motion for reconsideration of our decision of April 29, 1985,[1] the issue is whether a corporate defendant is jointly liable with an individual defendant on a breach of contract action. For the following reasons we conclude that the corporate defendant, by its actions, ratified

1. *Brodsky v. Schnepper* (In Re Gross) 48 B.R. 674 (Bankr.E.D.Pa.1985).

the contract at issue and is thus likewise liable.

The facts pertinent to this discussion are drawn largely from our previous opinion and are summarized as follows:[2] The debtor and Howard Schnepper ("Schnepper") entered into a binding contract whereby Schnepper purchased the debtor's pickle business. The contract referred to Schnepper as "Howard Schnepper of Schnepper Pickle Company" and stated that Schnepper was to take over the operation through a new corporation or one he then headed. Schnepper signed the contract without including his title of President of Schnepper Pickle Corp. ("Schnepper Corp.").

For thirteen months Schnepper Corp. took actions in conformity with the contract among which were its assumption of control of the transferred assets, payment on the assumed liabilities and its employment of the debtor in accordance with the contract between the debtor and Schnepper. At the end of the thirteen month period the debtor was fired without cause by Schnepper.

The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") although the case has since been converted to a chapter 7 proceeding. The trustee thereafter brought suit against Schnepper and Schnepper Corp. for breach of contract. On that action we entered judgment in favor of the trustee and against Schnepper for $110,-900.45. Under the motion for reconsideration before us the trustee seeks a clarification that the judgment extends to Schnepper Corp. as well as Schnepper.

Under Pennsylvania law a corporation "will not be permitted to repudiate even unauthorized acts of its officers when the corporation has received and retained the benefit of the transaction." *Osborne v. Victor Dairies, Inc.*, 10 A.2d 129, 132, 138 Pa.Super. 117 (1939). It has been settled for years that a corporation cannot accept the benefit of a transaction, thereby ratifying or adopting the actions of its representatives and later set up a defense that the contract was signed without corporate authority. *McBride v. Western Pennsylvania Paper Co.*, 106 A. 720, 721, 263 Pa. 345 (1919); *Aronsky v. Byron Silk Mills, Inc.*, 97 Pa.Super. 551, 553 (1929).

When Schnepper entered into the contract with the debtor it is apparent that he did so in his individual capacity. No evidence was presented on whether his actions were even authorized by the corporation. However, it is clear that, at the signing of this agreement, the corporation was not a party. Nonetheless, in the thirteen months between the creation and total breach of the contract, Schnepper Corp. adopted Schnepper's actions as its own and therefore, ratified the contract.

Since Schnepper Corp. cannot repudiate Schnepper's actions because it ratified the contract, we conclude that the corporation is now also liable with Schnepper for the breach. We will, therefore, enter judgment in favor of the trustee and against Schnepper Corp. as well as Schnepper for $110,900.45.

### ORDER

AND NOW, to wit, this 31st day of July, 1985, it is

ORDERED that our order of April 29, 1985, is amended to reflect that judgment is entered in favor of the trustee and against both Schnepper Pickle Corporation and Howard Schnepper in the amount of $110,900.45.

---

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.